IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00243-BNB
(**The above civil action number must appear on all future papers
  sent to the court in this action.  Failure to include this number
  may result in a delay in the consideration of your claims.**)

TIMOTHY EDWARD HOLZ,

        Applicant,

v.

J. OLIVER, Warden,

        Respondent.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

Applicant, Timothy Edward Holz, is a prisoner in the custody of the Federal

Bureau of Prisons who currently is incarcerated at the United tates Penitentiary, High

Security, in Florence, Colorado.  He initiated this action by submitting *pro se* an

Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 titled "Application

for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2242" (ECF No. 1) and a Prisoner's

Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas

Corpus Action (ECF No. 3).

After review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that

the submitted documents are deficient as described in this order.

Mr. Holtz complains about his prison diet.  The Court finds that Mr. Holz is

asserting civil rights claims rather than habeas corpus claims.  "The essence of habeas

corpus is an attack by a person in custody upon the legality of that custody, and . . . the

traditional function of the writ is to secure release from illegal custody." *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 484 (1973).  Generally, a federal prisoner's challenge to his

conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents*,

403 U.S. 388 (1971)*,* and 28 U.S.C. § 1331.  *See Standifer v. Ledezma*, 653 F.3d 1276,

1280 (10th Cir. 2011).  Mr. Holz is challenging the conditions of his confinement, not the

basis for his conviction and sentence on criminal charges.

      Mr. Holz will be directed to cure the following if he wishes to pursue his claims.

Any papers that Mr. Holz files in response to this order must include the civil action

number on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)      \_\_      is not submitted
(2)      \_\_      is missing affidavit
(3)      \_\_      is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)      \_\_      is missing certified statement showing current balance in prison account
(5)      \_\_      is missing required financial information
(6)      \_\_      is missing an original signature by the prisoner
(7)      X      is not on proper form  (<u>must submit the court's current form revised 10/01/12 with Authorization and Certificate of Prison Official and complete all pages of the form</u>)
(8)      \_\_      names in caption do not match names in caption of complaint, petition or habeas application
(9)      \_\_      An original and a copy have not been received by the court. Only an original has been received.
(10)    X      other:  <u>The § 1915 motion and affidavit and certificate showing prison account balance are necessary only if the $400.00 filing fee is not paid in full in advance.</u>

**Complaint, Petition or Application**:
(11)    \_\_      is not submitted
(12)    X      is not on proper form (<u>must use the court's Prisoner Complaint form</u>)
(13)    \_\_      is missing an original signature by the prisoner
(14)    \_\_      is missing page nos. \_\_
(15)    \_\_      uses et al. instead of listing all parties in caption
(16)    \_\_      An original and a copy have not been received by the court.  Only an original has been received.

(17)   __   Sufficient copies to serve each defendant/respondent have not been received by the court.

(18)   __   names in caption do not match names in text

(19)   __   other:

Accordingly, it is

ORDERED that the action is construed as a civil rights action filed pursuant to *Bivens* rather than as a habeas corpus action pursuant to 28 U.S.C. § 2241.  It is

FURTHER ORDERED that the clerk of the Court is directed to correct the nature of suit on its docketing records.  It is

FURTHER ORDERED that Plaintiff, Timothy Edward Holz, cure the deficiencies designated above **within thirty days from the date of this order**.  Any papers that Mr. Holz files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Mr. Holz shall obtain the court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and Prisoner Complaint (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Holz fails to cure the designated deficiencies **within thirty days from the date of this order**, the action will be dismissed without further notice.

DATED January 29, 2014, at Denver, Colorado.

BY THE COURT:

s/Boyd N. Boland
United States Magistrate Judge