IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00243-BNB

TIMOTHY EDWARD HOLZ,

    Applicant,

v.

J. OLIVER, Warden,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Timothy Edward Holz, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, High Security, in Florence, Colorado. He initiated this action by submitting *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2242 [sic] (ECF No. 1) and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action (ECF No. 3) together with a certified copy of his trust fund account statement for the past six months.

Magistrate Judge Boyd N. Boland reviewed the habeas corpus application and determined Mr. Holz was asserting civil rights claims rather than habeas corpus claims because he complained about his prison diet and for relief asked for injunctive relief pertinent to his diet.

On January 29, 2014, Magistrate Judge Boland entered an order (ECF No. 4) directing Mr. Holz to cure certain enumerated deficiencies in the documents he filed.

Magistrate Judge Boland explained that "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Magistrate Judge Boland noted that Mr. Holz challenged the conditions of his confinement, and pointed out that a federal prisoner's challenge to his conditions of confinement generally is cognizable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). It is well established in the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) that § 2241 is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997).

Magistrate Judge Boland directed Mr. Holz to submit his claims on a Prisoner Complaint, as well as to file a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 for a *Bivens* action or pay the $400.00 filing fee. The January 29 order directed Mr. Holz to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. The January 29 order warned Mr. Holz that, if he failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

Mr. Holz has failed within the time allowed to cure the designated deficiencies as directed or otherwise to communicate with the Court in any way. Therefore, the action will be dismissed without prejudice for Mr. Holz's failure to cure the designated

deficiencies as directed within the time allowed and for his failure to prosecute.

Federal law restricts eligibility for pauper status when a prisoner has three or more civil suits dismissed for frivolousness or failure to state a valid claim. *See* 28 U.S.C. § 1915(g). In *Holz v. Daniel*, No. 2014 WL 308849 (10th Cir. Jan. 29, 2014), *affirming* No. 13-cv-02716-LTB (D. Colo. Nov. 15, 2013), the Tenth Circuit pointed out that Mr. Holz already has three or more dismissals for frivolousness or failure to state a claim in federal civil rights actions. *See Holz v. McFadden*, 2011 WL 2882562, at *1 (C.D. Cal. June 27, 2011) (report and recommendation by magistrate judge, stating that Mr. Holz has at least fourteen dismissals in federal court for frivolousness or failure to state a claim on which relief can be granted), *adopted*, 2011 WL 2883108 (C.D. Cal. July 19, 2011) (order by district judge); *Holz v. McFadden*, 2010 WL 3069745, at *2 (C.D. Cal. May 21, 2010) (report and recommendation by magistrate judge) (same), *adopted*, 2010 WL 3069740 (C.D. Cal. Aug. 5, 2010) (order by district judge). The Tenth Circuit also surmised Mr. Holtz may have wanted to avoid the district court's filing fee for *Bivens* actions because habeas actions were cheaper. *See* 28 U.S.C. § 1914(a) ($5 filing fee for habeas actions and $350 for other actions); *see also* ECF No. 5 (order to cure deficiencies) at 3 in No. 13-cv-02715-LTB, in which Magistrate Judge Boland states that if Mr. Holz did not seek pauper status, he would owe a $350 filing fee and a $50 administrative fee).

Clearly, Mr. Holz wanted to avoid more dismissals and higher filing fees by trying to assert civil rights claims in the instant habeas corpus action. He may not do so. The Court will refrain from dismissing Mr. Holtz's habeas corpus action on the merits not only because he does not assert habeas corpus claims, but also because to do so

would jeopardize his ability to initiate a second or successive habeas corpus action.

Finally, the Court certifies pursuant to § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Holz files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2242 [sic] is denied and the action dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Applicant, Timothy Edward Holz, within the time allowed, to cure the deficiencies designated in the order to cure of January 29, 2014, and for his failure to prosecute. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED March 13, 2014, at Denver, Colorado.

                                          BY THE COURT:

                                          s/ Lewis T. Babcock
                                          LEWIS T. BABCOCK
                                          Senior Judge, United States District Court